UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRESSIE KNOX,

    Plaintiff,

v.                                                  Case No. 12-13851

MACY'S RETAIL HOLDINGS, INC.,          HON. AVERN COHN

    Defendant.

_____/

## MEMORANDUM AND ORDER
## DENYING DEFENDANT'S MOTION
## FOR SUMMARY JUDGMENT (Doc. 8)

### I. INTRODUCTION

This is a premises liability tort case. Plaintiff Tressie Knox ("Knox") is suing defendant Macy's Retail Holdings, Inc. ("Macy's") claiming that she was injured when she tripped and fell on a negligently placed "price scanner" at the Macy's store in the Northland Mall in Southfield, Michigan. Now before the Court is Macy's motion for summary judgment on the grounds that Knox's claim is barred by Michigan's "open and obvious" doctrine (Doc. 8). For the reasons that follow, the motion is DENIED.

### II. BACKGROUND

On the morning of December 28, 2009, Knox was shopping at the Northland Mall with her husband, Robert, and her friend, Marie Gayles. (Doc. 8-2 at 4, Pl's. Dep.). Knox "walks" the mall three to four times a week. (*Id.* at 5).

Knox entered the Macy's store by herself and purchased several items from the

upstairs women's department. (*Id.* at 4). Knox had previously shopped there over one hundred times. (*Id.* at 4–5). On this particular day, Knox entered the store on the first floor near the candy shop and took the escalators to the second floor women's department. (*Id.* at 5).

After Knox finished shopping for sweaters, around 10:22 AM, she took the escalators down to the men's department to shop for her husband, who was waiting for her outside of the store. (*Id.* at 8). When Knox was passing through an aisle in the men's department, she saw a tear in the rug and moved to the side to avoid it. (*Id.* at 12). After successfully avoiding the tear, she focused her attention on "sales" signs and tripped and fell when her left foot caught on the store's price scanner. (*Id.* at 13). She injured her shoulder and wrist.

The price scanner allows customers to scan items to determine their price prior to checking out at a register. *See* (Doc. 8-3 at 2; Doc. 9-2 at 2–3, Pictures of Macy's Price Scanner, attached as Exhibit A to this Order). The base of the price scanner is comparable to the base of a traditional column weight scale; a portion of the base is elevated above the ground.

Macy's placed the price scanner against a wall in the men's department with a portion of the base sticking out in the general walkway. Knox does not believe that the price scanner was "flush against the wall," as it is depicted in the pictures, on the day that she tripped over it. (Doc. 8-2 at 7, Pl's. Dep.). Knox recalled the following at her deposition:

> It was – what I remember is that I did not see this, I did not see this until after I had fallen and while I was laying on the floor, I did look and see this thing up against a pillar, I guess you

2

> would call that.  Not a wall like this.
>
> . . . .
>
> . . . I did not see it.  I saw sales, you know, signs sticking up, and I am walking at a normal pace, that's what I saw.  I did not see this like this, no.  The floor is the same color as that order to me.  I guess I just didn't see it and I do wear glasses all the time.

(*Id.* at 7).

After Knox tripped over the price scanner, Macy's employees and customers came to her aid. (*Id.* at 14). The employees helped Knox off the ground and placed her in a wheelchair. (*Id.*). She was able to leave on her own accord and drove to a previously scheduled doctors' appointment. (*Id.* at 14–15).

Knox is familiar with price scanners, having previously used a price scanner at the Macy's store at the Fairlane Mall. (*Id.* at 6).

### III. STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party may meet that burden "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Revised Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits, or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory

3

> answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support a fact.

Fed. R. Civ. P. 56(c)(1).

The revised Rule also provides the consequences of failing to properly support or address a fact:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials–including the facts considered undisputed–show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

When the moving party has met its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Ultimately a district court must determine whether the record as a whole presents a genuine issue of material fact, *id.* at 587, drawing "all justifiable inferences in the light most favorable to the non-moving party," *Hager v. Pike Cnty. Bd. of Ed.*, 286 F.3d 366, 370 (6th Cir. 2002).

### IV. ANALYSIS

Macy's says it is not liable for Knox's claimed injuries because the hazard that

caused Knox to trip and fall– the alleged negligently placed price scanner– was an open and obvious condition. The Court disagrees. Factual issues exist as to the condition of the premises on the day Knox fell and whether the price scanner presented an open and obvious danger. Summary judgment is, therefore, inappropriate under the circumstances.

### A. The "Open and Obvious" Doctrine[1]

Generally, a premises owner must exercise reasonable care to protect an invitee from an unreasonable risk of harm caused by a dangerous condition on the premises. *Hoffner v. Lanctoe*, 492 Mich. 450, 460 (2012). An unreasonable risk of harm is one "caused by a dangerous condition of the land that the landowner knows or should know the invitees will not discover, realize or protect themselves against." *Bertrand v. Alan Ford, Inc.*, 449 Mich. 606, 609 (1995) (citing *Williams v. Cunningham Drug Stores, Inc.*, 429 Mich. 495, 499 (1988)). This duty does not, however, extend to dangerous conditions that are open and obvious. *Lugo v. Ameritech Corp*, 464 Mich. 512, 516 (2001).[2] Indeed, "such dangers, by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable measures to avoid." *Hoffner*, 492 Mich. at 461.

---

[1] In diversity cases, this Court must apply the substantive law of Michigan, as the forum state, anticipating how the Michigan Supreme Court would rule in the case. *Berrington v. Wal-Mart Stores, Inc.*, 696 F.3d 604, 607–08 (6th Cir. 2012) (citations omitted). If "the Michigan Supreme Court has not addressed the issue presented," the Court must "anticipate how [it] would rule in the case." *Id.* (citing *Allstate Ins. Co. v. Thrifty Rent–A–Car Sys. Inc.*, 249 F.3d 450, 454 (6th Cir. 2001)).

[2] "Michigan's open and obvious doctrine was initially based on the Restatement of Torts," which provided that "a premises possessor is not liable for harm caused by known or obvious dangers 'unless the possessor should anticipate the harm despite such knowledge or obviousness.'" *Bragan v. Symanzik*, 263 Mich. 324, 331 (2004) (citing Restatement Torts, 2d, § 343A, p. 218). The Restatement approach, however, was replaced by the Michigan Supreme Court in *Lugo*.

An open and obvious condition is one that an average person of ordinary intelligence would be able to discover upon casual inspection. *Kennedy v. Great Atlantic & Pacific Tea Co.*, 274 Mich. App. 710, 713 (2007). In other words, an open and obvious condition is one that is "so obvious that the invitee might reasonably be expected to discover [it]." *Riddle v. McLouth Steel Prods. Corp.*, 440 Mich. 85, 96 (1992). Courts employ an objective standard, "calling for an examination of 'the objective nature of the condition of the premises at issue.'" *Hoffner*, 492 Mich. at 461.

Even if a condition is open and obvious, a premises possessor must protect invitees from the risk of harm "if special aspects of a condition make even an open and obvious risk unreasonably dangerous." *See Lugo*, 464 Mich. at 517. The "special aspects" exception to the open and obvious doctrine is a narrow one. *Hoffner*, 492 Mich. at 462–63. "A special aspect exists when the danger, although open and obvious, is unavoidable or imposes a 'uniquely high likelihood of harm or severity of harm.'" *Bragan*, 263 Mich. App. at 331–32; *see also Hoffner* 492 Mich. at 463.

If genuine issues of material fact exist as to the condition on the premises or whether a condition is open and obvious, a fact question exists to be determined by a jury. *Bragan*, 263 Mich. App. at 337 (Murphy, P.J., concurring).

### B. This Case

Here, material factual issues prevent the entry of summary judgment based on Macy's open and obvious defense.

### 1. Factual Issues Regarding Condition of Premises

First, Knox disputes the accuracy of the pictures of the price scanner. The pictures were not taken at the time of the fall. Knox says that the price scanner was not flush

6

against the wall but was placed somewhere within the walkway.

Second, Knox says that right before tripping over the price scanner, she avoided a tear in the rug. However, the pictures do not show a rug. Nor has defendant explained where the rug was placed in relation to the price scanner on the day Knox fell.

Because there are factual issues regarding the condition on the premises on the day Knox fell, summary judgment is inappropriate.

### 2. Factual Issues Regarding Open and Obvious Doctrine

Assuming the price scanner was flush against the wall as is depicted in the pictures, there are material factual issues of whether the condition was open and obvious. Indeed, depending on the placement of the rug which Knox said she had to avoid because of a tear, the condition caused by the placement of the price scanner could have been a special aspect anticipated by *Lugo*. For example, if the only way to avoid the tear in the rug was to walk over the price scanner, the risk of harm would have been essentially unavoidable.

Moreover, the price scanner appears to be placed in a position that an ordinary customer would not notice on a casual walk through the store. Assuming the price scanner was placed against the wall as is shown in the pictures, it can only be clearly seen by customers walking from one side of the store that faces the "Price Check" sign. Customers walking from the side of the price scanner– as Knox says she was– would not necessarily notice the price scanner up against the wall or its elevated base protruding in the walkway.

In *Snyder v. Jack's Fruit Market*, No. 188581, 1997 WL 33354547, at *2 (Mich. Ct. App. Jan. 17, 1997), the Michigan Court of Appeals considering a slip and fall on a puddle of water in a grocery store stated that,

> In this case, plaintiff alleges that the puddle was located inside

> a grocery store near a cooler containing several products for sale. In light most favorable to plaintiff, one can reasonably argue that because a shopper may be distracted by product displays and promotions, or preoccupied with the search for the desired product, or other thoughts related to the shopping experience as they walk through the store, it may not be unreasonable for a shopper not to notice a puddle of water on the floor. Therefore, we consider it to be a question of fact as to whether plaintiff should have discovered the puddle of water and realized its danger.

After *Snyder*, the Michigan Court of Appeals clarified that the "distracted customer" exception to the open and obvious doctrine does not apply in every case. *See Kennedy v. Great Atlantic & Pacific Tea Co.*, 274 Mich. App. 710 (2007). In *Kennedy*, the court of appeals clarified that a plaintiff can establish a genuine issue of material fact by showing that the defendant "'ha[d] reason to expect that the invitee's attention [might have been] distracted, so that he [would] not discover what [was] obvious. . . .'" *Id.* at 719 (citation omitted) (alterations in original).

Just last year, the Sixth Circuit addressed the open and obvious doctrine in *Matteson v. Northwest Airlines, Inc.*, 495 F. App'x 689 (6th Cir. 2012). In *Matteson*, the plaintiff slipped and fell on a liquid substance when looking for her gate at an airport terminal. The Court of Appeals differentiated the case from premises liability cases involving a stair step: "First, unlike a stair step–a special category in Michigan premises-liability law–a clear spill on an airport floor is not 'the type of everyday occurrence that people [regularly] encounter.'" *Id.* at 693. The Court of Appeals ultimately determined that "it is not clear that an average person of ordinary intelligence traversing an airport terminal would have been able to discover the substance on casual inspection." *Id.* at 694.

In a recent case involving a slip and fall on water at an automobile dealership, the

8

Michigan Court of Appeals explained why water accumulation on the floor did not present an open and obvious danger:

> [F]irst, defendant presented no evidence that typical service bay areas have accumulations of liquid on the floor of which customers should be aware. . . Thus. . . , there was no evidence that plaintiff, a customer at defendant's automobile dealership, would have the same expectation as defendant.
>
> . . . But more importantly, defendant presented no evidence in support of its claim that, if plaintiff had looked where she was walking, she would have discovered the accumulation of liquid.

*Pernell v. Suburban Motors Co.*, No. 308731, 2013 WL 1748573, at *2–3 (Mich. Ct. App. April 23, 2013) (per curiam).

This case, like *Snyder*, *Matteson* and *Pernell*, involves a situation where a customer would not expect the condition which caused the injury– here an intrusion in the walkway that is not readily apparent when walking through the store. Although price scanners are anticipated at department stores, not all price scanners have elevated bases intruding into the walkway. Further, the price scanner in this case was placed in a manner that would not be readily apparent to an ordinary customer shopping at the store. Customers walking from the side of the price scanner would not readily see the base of the price scanner which protrudes into the walkway. Finally, there is a material issue of fact that Macy's had reason to expect a customer's attention might be distracted by looking at clothing racks, etc. such that the placement of the price scanner was not open and obvious. *Kennedy*, 274 Mich. App. at 719. In fact, Knox says that her attention was distracted when she was avoding a torn carpet in the store.

## V. CONCLUSION

For the reasons stated above, Macy's motion has been denied. In sum, there are

genuine issues of material fact regarding (1) the circumstances surrounding the condition on the day Knox fell and (2) whether that condition was open and obvious.

SO ORDERED.

                                                   S/Avern Cohn
                                                  AVERN COHN
                                                  UNITED STATES DISTRICT JUDGE

Dated: May 28, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 28, 2013, by electronic and/or ordinary mail.

                                                 S/Sakne Chami
                                                 Case Manager, (313) 234-5160

# EXHIBIT A TO MEMORANDUM AND ORDER GRANTING SUMMARY JUDGMENT AND DISMISSING CASE



